UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>A. REILLY, et al.,<br><br>        Defendants. | No.  2:20-cv-1212 TLN CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff seeks leave to proceed in forma pauperis.  Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records reflect that on at least three prior occasions, before plaintiff commenced this action, plaintiff had brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted:

/////

1

1. <u>Ruiz v. McGuire</u>, No. 3:16-cv-0388-AJB BLM (S.D. Cal.), ECF No. 6 (May 9, 2016 order dismissing action after plaintiff failed to submit an amended complaint within allotted time following dismissal of complaint for failure to state a claim);[1]

2. <u>Ruiz v. Curry</u>, No. 1:17-cv-1454-DAD-SAB (E.D. Cal.), ECF No. 19 (May 30, 2018 order dismissing action for failure to state a claim upon which relief could be granted); and

3. <u>Ruiz v. Curry</u>, No. 19-16456 (9th Cir.) (November 22, 2019 order dismissing appeal as frivolous).

In his complaint, plaintiff asserts that on April 20, 2020, he was subjected to excessive force and denied a Spanish to English interpreter. Plaintiff does not allege anything amounting to his being under "imminent danger of serious physical injury."

For these reasons, the court will recommend that plaintiff's motion to proceed in forma pauperis status be denied, and plaintiff be granted 14 days within which to pay the filing fee for this action.

Also, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances

/////

---

[1] The Ninth Circuit has held dismissal counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. <u>Harris v. Mangum</u>, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERD that plaintiff's motion for the appointment of counsel (ECF No. 3) is denied.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be granted 14 days within which to pay the $400 filing fee for this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 1, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ruiz1212.3ks

3